# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50475 | **DATE** | 5/3/2002 |
| **CASE TITLE** | HOVIS vs. NATIONAL BANK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, the order of the bankruptcy court allowing the claim of National Bank & Trust Company of Sycamore is affirmed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | MAY - 9 2002 | 10 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | 5-6-02 | |
| | | date mailed notice | |
| SW | courtroom deputy's initials | 2002 MAY -7 AM 9:03 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

James E. Hovis and James E. Hovis Trust #90, debtors in separate cases below, but who filed a joint plan of reorganization, appeal from an order of the bankruptcy court allowing the claim of National Bank & Trust Company of Sycamore ("Bank"). Jurisdiction is proper under 28 U.S.C. § 158(a). Debtors argue on appeal that the claim should have been disallowed because the Bank had, prior to the parties entering certain pre-petition forbearance agreements and well before the filing of this case, sold collateral without accounting for the proceeds rendering it impossible for debtors to know whether the amount of the Bank's claim was accurate. They contend they presented sufficient evidence to rebut the prima facie validity of the proof of claim. The bankruptcy court ruled they did not (Tr. August 22, 2001 p. 4) and that they were judicially estopped from disputing the secured status of the Bank's claim due to positions taken by debtors during the confirmation process. (Id. pp. 5-6.)

The disputed proof of claim was filed by the Bank on June 2, 2000. Debtors did not file an objection to the proof of claim prior to the bankruptcy court's entering an order confirming debtors' first amended plan of reorganization ("Plan") on January 12, 2001. The confirmation came after a contested confirmation hearing in which the bankruptcy court considered rival plans offered by the Bank and debtors. The bankruptcy court found both plans were confirmable but elected to confirm the debtors' plan. During the course of the confirmation hearing, the Bank's proof of claim in the amount of $2,083,427.92 was admitted into evidence and uncontroverted testimony was given by an officer of the Bank that the amount of the claim was approximately 2.1 million dollars. (Tr. June 2000 p. 71) Debtors submitted as exhibit A to their disclosure statement a schedule showing the Bank was owed a total of $2,108,673. In its memorandum opinion confirming the Plan, the bankruptcy court found as a fact that as of the petition date debtors owed the Bank "$2,083,427.92 plus pre-imposed [sic] petition costs and attorneys fees and post-petition interest . . . ." (Memo. Op. January, 12, 2001 ¶ 64) The Plan also contained the following provision: "any and all objections to claims shall be filed with the Court by the Debtors and served upon each holder of such claims not later than sixty (60) days after the Effective Date." (Plan Art. V) The Effective Date was established as 30 days after the eleventh day after confirmation. (Id. Art. I) Debtors filed their objection to the Bank's claim on February 9, 2001, after confirmation and within the time provided by the Plan. They subsequently filed an amended objection on April 23, 2001.

The bankruptcy court properly allowed the Bank's claim. This case falls squarely within the rule established by Adair v. Sherman, 230 F.3d 890 (7th Cir. 2000). In Adair, the court held that "when a proof of claim is filed prior to confirmation, and the debtor does not object prior to confirmation, the debtor may not file a post-confirmation collateral action that calls into question the proof of claim," Adair, 230 F.3d at 894-95, and specifically rejected "allowing post-confirmation objections to proofs of claims to be filed even though the proof of claim itself was filed sufficiently in advance of the confirmation hearing." Id. at 895 fn. 6. Debtors' attempt to distinguish Adair because it involved subsequent litigation outside bankruptcy and the Chapter 13 plan at issue presumably did not allow for post-confirmation objections is unavailing. Adair, as noted above, specifically rejected allowing post-confirmation objections where the proof of claim was filed sufficiently in advance of the confirmation hearing, id., which is precisely the case we have here. In re Adams, 264 B.R. 901 (Bankr. N.D. 2001) cited by debtors concerned a proof of claim filed post-confirmation and is therefore distinguishable.

Additionally, the bankruptcy court found as a fact in its memorandum opinion confirming the debtors' plan that the Bank's claim was $2,083,427.92 plus certain costs, interest and attorneys' fees. A confirmation order precludes the relitigation of issues decided or which could have been decided at the confirmation hearing. See Adair, 230 F.3d at 895. This finding went unchallenged and debtors are now bound by it. Even if the court were to assume that the Plan language allowing objections to claims post-confirmation would defeat the preclusive effect of the pre-confirmation proof of claim, it cannot overcome the express finding of the bankruptcy court as to that claim. See Id. Debtors cannot challenge this finding without obtaining relief from the confirmation order.

The bankruptcy court can also be affirmed because debtors failed to produce evidence to rebut the prima facie validity of the Bank's proof of claim. Debtors produced no evidence in support of their objection. They assert that testimony given in depositions in a state court proceeding demonstrate the Bank sold collateral in violation of state law and without an accounting. However, these depositions are not in the record. The record only contains argument of counsel asserting the existence of such testimony. Debtors assert that the claim should be disallowed because certain facts (the sale of collateral and lack of accounting) rebut the prima facie validity of the proof of claim. However, these facts are not in the record. Debtors did not present evidence to overcome the prima facie validity of the Bank's proof of claim and, therefore, their objection was properly denied. See In re Carlson, 126 F.3d 915, 921-22 (7th Cir. 1997), cert. denied 523 U.S. 1060 (1998) (objecting party must bring forth evidence equal in probative force to prima facie evidence of proof of claim).

Debtors also argue that 11 U.S.C. § 1111(a) states a claim is not allowable if it is scheduled as disputed, contingent or unliquidated. This misstates section 1111(a) which deems proofs of claim to have been filed for claims listed in debtors' schedules unless they are listed as disputed, contingent or unliquidated. Where the claim is listed by debtor as disputed, contingent, or unliquidated, a proof of claim must be filed. It is not deemed filed as are other listed claims. The Bank actually filed a proof of claim rendering section 1111(a) inapplicable.

For the foregoing reasons, the order of the bankruptcy court allowing the Bank's claim is affirmed.